# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**FILED**

**Apr 06, 2023**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

GPS DATA HELD BY B.I. INCORPORATED

)
)
)
)
)
)

Case No.

2:23-sw-0359 CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____EASTERN_____ District of _____CALIFORNIA_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to distribute a controlled substance |
| 21 U.S.C. § 841(a)(1) | Distribution of a controlled substance |
| 18 U.S.C. § 1951 | Hobbs Act robbery |

The application is based on these facts:

See Affidavit of ATF Task Force Officer Ryan Oliver

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
*Applicant's signature*

Ryan Oliver, ATF Task Force Officer
*Printed name and title*

Sworn to before me telephonically and signed

Date: _____April 6, 2023 at 1:16 pm_____

*Judge's signature*

City and state: _____Sacramento, CA_____

Hon. Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

**Affidavit of Alcohol, Tobacco and Firearms Task Force Officer Ryan Oliver**

I, Ryan Oliver, being duly sworn, hereby depose and state:

## PURPOSE

1. This Affidavit is made in support of a rollover search warrant for:

    a. Historical geolocation information for the GPS monitoring device ("Target Device") used by Shaun JONES and more fully described in Attachment A.

    I assert that there is probable cause to believe that the requested information for Target Device will assist the United States investigate Shaun JONES for distribution of narcotics, conspiracy to distribute narcotics, selling firearms without a license, conspiracy to sell firearms without a license, Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery.

2. On January 24, 2023, I previously applied for a search warrant for geolocation information for Shaun JONES.  2:23-SW-0062-KJN.  That search warrant is attached as Attachment C and is incorporated by reference into this search warrant affidavit.  The prior search warrant sought location information for the time period of August 1, 2021, through January 23, 2023.  *See* Attachment C, Page 35.  B.I. Incorporated complied with the search warrant and produced responsive records on February 6, 2023.  This search warrant application seeks geolocation information from the time period of January 24, 2023, through March 31, 2023, the date that JONES was arrested on a federal criminal complaint.

## AGENT BACKGROUND

3. I am a Task Force Officer with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.  I have been a Sworn Peace Officer in the State of California since December of 2000.  I have been a Task Force Officer with the ATF, and a Sworn Special Deputy United States Marshal since September of 2015.  During my years as a Task Force Officer with the ATF, I have investigated violations of both federal and state laws pertaining to narcotics trafficking and firearms violations.  During those investigations I have become familiar with the means in which illegal users of narcotic and persons

prohibited from possessing firearms receive and or obtain firearms.  I have also become familiar with the means in which narcotics traffickers obtain and distribute narcotics.  During my years as a Sworn Peace Officer, I have investigated no less than twenty individuals for possession and/or distribution of narcotics.  I have qualified multiple times in the State of California, County of Sacramento Superior Court as an expert in possession of narcotics for sale.  I have received no less than one hundred hours of training specifically related to narcotics.

4.  During my tenure as a Task Force Officer, I have been involved in and led multiple narcotics investigations.  I routinely work with other investigators and law enforcement agencies to investigate drug traffickers and assist with arrests. Through my training and experience, I know that drug distributors often use the same vehicle to conduct multiple deliveries or transactions, or to pick up and/or drop off drugs and drug proceeds before and/or after drug transactions.  Further, I know that drug distributors often use the same phone to communicate with their customers, particularly when they establish a connection with a repeat customer. When using cell phones to text or call regarding drug distribution, persons engaged in drug trafficking often use slang terms or common nouns in place of the name of the controlled substance or quantity in order to avoid detection by law enforcement.

5.  Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested search warrant, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause.  This affidavit is based upon my own personal knowledge but also the knowledge of other law enforcement officers involved in this investigation.

## STATEMENT OF PROBABLE CAUSE

**Shaun JONES has continued to be involved in an ongoing burglary ring while on State of California pre-trial release with active GPS monitoring.**

6.  On March 31, 2023, at approximately 5:00 am, a burglary occurred at 860 Harbour Way S, Richmond, California.  The business was a pharmacy named Care Zone Pharmacy.  I obtained a copy of Richmond Police Department report 2023-0002436 regarding the burglary.  After reviewing the report, I found that it was unknown what items had been taken during the burglary, but that an unknown item containing a GPS tracking device had been taken from inside of the business.

7. On March 31, 2023, ATF SA Daniel Lynch received a call from JONES's pre-trial probation officer Garrin Ingerson.  Ingerson stated to Lynch that she believed JONES had been present during the burglary at 860 Harbour Way S, and that JONES's GPS tracking device was matching the location of the GPS tracking device that had been taken from within the burglarized business.

8. On April 6, 2023, I reviewed GPS data from JONES's GPS tracking device that had been provided to SA Lynch by DPO Brenda Cuevas.  While reviewing the data, I found that JONES's GPS device showed JONES inside of 860 Harbour Way S, Richmond, California during the time of the burglary on March 31, 2023.



**Shaun JONES charged by criminal complaint and arrested.**

9. On March 31, 2023, JONES was charged by criminal complaint with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1).  *See* Criminal Complaint, 2:23-MJ-0051-AC.  JONES was arrested that same day.

10. At the time of his arrest, JONES was wearing the GPS monitoring device described in Attachment A.

## **AUTHORIZATION REQUEST**

11. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

12. I further request that the Court direct BI Incorporated to disclose to the government any information described in Attachment B that is within the possession, custody, or control of BI Incorporated.  I also request that the Court direct BI Incorporated to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with BI Incorporated's services, including by establishing access to BI Incorporated's BI TotalAccess GPS monitoring and mapping system for the government.  The government shall reasonably compensate BI Incorporated for reasonable expenses incurred in furnishing such facilities or assistance.

13. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate Target Device outside of daytime hours.

///

///

///

///

///

///

///

///

///

///

## **CONCLUSION**

14. Based on the foregoing facts, I hereby request that a search warrant be issued for Target Device, as identified in Attachment A, for the items set forth in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

_/s/_____

RYAN OLIVER
ATF Task Force Officer

Sworn and Subscribed to me telephonically
on April __6__, 2023,

_____
Hon. CAROLYN K. DELANEY
United States Magistrate Judge

Approved as to form:

_____
Justin L. Lee
Assistant United States Attorney

## ATTACHMENT A

### *Location to be Searched*

**All records and information within the custody and control of B.I. Incorporated associated with any of the following:**

a. **Client name of Shaun Jones with a monitoring agency of "Sacramento CO Pre-Trial".**

b. **Case ID listed as 4384985**

c. **Client Equipment BI LOC XT:1707221 (E)**

## ATTACHMENT B

### *Items to be Seized*

1. All historical information about the location of Target Device described in Attachment A for the period January 24, 2023, through March 31, 2023.

# Attachment C

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**FILED**

Jan 24, 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

~~SEALED~~

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>GPS DATA HELD BY B.I. INCORPORATED | )<br>)<br>)<br>)<br>)<br>) |

Case No.

2:23-sw-0062 KJN

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____EASTERN_____ District of _____CALIFORNIA_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to distribute a controlled substance |
| 21 U.S.C. § 841(a)(1) | Distribution of a controlled substance |
| 18 U.S.C. § 1951 | Hobbs Act robbery |

The application is based on these facts:

See Affidavit of ATF Task Force Officer Ryan Oliver

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
_____
*Applicant's signature*

Ryan Oliver, ATF Task Force Officer
*Printed name and title*

Sworn to before me telephonically and signed

Date: __01/24/23__

*Kendall J. Newman*
_____
*Judge's signature*

City and state: _____

Hon. Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

**Affidavit of Alcohol, Tobacco and Firearms Task Force Officer Ryan Oliver**

I, Ryan Oliver, being duly sworn, hereby depose and state:

## PURPOSE

1. This Affidavit is made in support of a search warrant for:

   a. Prospective and historical geolocation information for the GPS monitoring device ("Target Device") used by Shaun JONES and more fully described in Attachment A.  JONES is currently subject to supervision by Sacramento County  As part of this supervision, JONES is required to wear a GPS monitoring device.  The GPS location data is stored by B.I. Incorporated.

   I assert that there is probable cause to believe that the requested information for Target Device will assist the United States investigate Shaun JONES for distribution of narcotics, conspiracy to distribute narcotics, selling firearms without a license, conspiracy to sell firearms without a license, Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery.

## AGENT BACKGROUND

2. I am a Task Force Officer with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.  I have been a Sworn Peace Officer in the State of California since December of 2000.  I have been a Task Force Officer with the ATF, and a Sworn Special Deputy United States Marshal since September of 2015.  During my years as a Task Force Officer with the ATF, I have investigated violations of both federal and state laws pertaining to narcotics trafficking and firearms violations.  During those investigations I have become familiar with the means in which illegal users of narcotic and persons prohibited from possessing firearms receive and or obtain firearms.  I have also become familiar with the means in which narcotics traffickers obtain and distribute narcotics.  During my years as a Sworn Peace Officer, I have investigated no less than twenty individuals for possession and/or distribution of narcotics.  I have qualified multiple times in the State of California, County of Sacramento Superior Court as an expert in possession of narcotics for sale.  I have

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

received no less than one hundred hours of training specifically related to narcotics.

3.  During my tenure as a Task Force Officer, I have been involved in and led multiple narcotics investigations.  I routinely work with other investigators and law enforcement agencies to investigate drug traffickers and assist with arrests. Through my training and experience, I know that drug distributors often use the same vehicle to conduct multiple deliveries or transactions, or to pick up and/or drop off drugs and drug proceeds before and/or after drug transactions.  Further, I know that drug distributors often use the same phone to communicate with their customers, particularly when they establish a connection with a repeat customer. When using cell phones to text or call regarding drug distribution, persons engaged in drug trafficking often use slang terms or common nouns in place of the name of the controlled substance or quantity in order to avoid detection by law enforcement.

4.  Because this affidavit is submitted for the limited purpose of establishing probable cause for the requested search warrant, I have not included each and every fact known to me about this case.  Rather, I have set forth only the facts that I believe are necessary to support probable cause.  This affidavit is based upon my own personal knowledge but also the knowledge of other law enforcement officers involved in this investigation.

## STATEMENT OF PROBABLE CAUSE

### Shaun JONES is believed to be involved in an ongoing burglary ring while on State of California pre-trial release with active GPS monitoring.

5.  On December 15, 2022, TFO Oliver contacted Sacramento County Deputy Probation Officer (DPO) Brenda Cuevas to inquire if JONES was actively being monitored on GPS tracking.  DPO Cuevas informed TFO Oliver that JONES was indeed being actively monitored by the Sacramento County Probation Department via a GPS transmitting device due to terms of JONES' pre-trial release.  DPO Cuevas was able to provide TFO Oliver with data points (GPS locations) from the device for specific dates and times that TFO Oliver and/or SA Lynch requested. DPO Cuevas also provided TFO Oliver with information pertaining to the system utilized for the GPS tracking of JONES.  TFO Oliver found that a company named BI Incorporated provided the GPS monitoring service that Sacramento County was able to access and monitor.  TFO Oliver found that JONES' BI Incorporated device

was stored under a client profile under the name Shaun JONES and a Case ID of 4384985.

| Client | Jones, Shaun | | |
|---|---|---|---|
| Client Phone | | Agency | Sacramento Co Pre-Trial |
| Client Address | 3017 Rockdale Dr Rancho Cordova, CA 95742 | Officer | Gompert, Justin |
| Case ID | 4384985 | Service Plan | BI LOC8 XT |

6. TFO Oliver and SA Lynch correlated the following locations for JONES' GPS device to burglaries that had occurred.

    a. On November 13, 2022, Sunshine Center Pharmacy located at 1166 Mission Road, South San Francisco, California was burglarized at 2:06 a.m. The South San Francisco Police Department (SSFPD) responded and took a burglary report under SSFPD 22-6809. Upon reviewing GPS data provided to TFO Oliver by DPO Cuevas, it was found that JONES showed to be in the area of Sun Center Pharmacy at 2:06 a.m. on November 13, 2022, and that JONES GPS location showed to be within Sun Center Pharmacy from 2:09 a.m. until 2:13 a.m.



    b. On November 15, 2022, Sun Pharmacy located at 2559 S King Road, San Jose, California was burglarized at 2:47 a.m. The San Jose Police Department (SJPD) responded and took a burglary report under SJPD 22-319-0183. Upon reviewing GPS data provided to TFO Oliver by DPO Cuevas, it was found that JONES showed to be in the area of Sun Pharmacy at 2:47 a.m. on November 15, 2022.

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN



c. On November 15, 2022, Central Drug Store located at 4494 Mission Street, San Francisco, California was burglarized at 4:33 a.m. The San Francisco Police Department (SFPD) responded and took a burglary report under SFPD 220-785-555. Upon reviewing GPS data provided to TFO Oliver by DPO Cuevas, it was found that JONES showed to be in the area of Central Drug Store at 4:25 a.m. on November 15, 2022.



d. On November 26, 2022, Senter Pharmacy located at 2643 Senter Road #A, San Jose, California was burglarized at 2:56 a.m. The San Jose Police Department (SJPD) responded and took a burglary report under SJPD 22-330-0128. Upon reviewing GPS data provided to TFO Oliver by DPO

ATTACHMENT C to Search Warrant    Prior SW---2:23-SW-0062-KJN

Cuevas, it was found that JONES showed to be in the area of Senter Pharmacy at 2:54 a.m. on November 26, 2022.



## Jones is suspected of criminal activity beginning in July 2021.

7. Beginning in November 2021, ATF Task Force Officer (TFO) Ryan Oliver began assisting Sacramento Police Department (SPD) detectives with an investigation into the multiple robberies and burglaries committed at marijuana dispensaries in the Sacramento, California region and subsequently opened Investigation Number 786035-21-0044. Detectives initially identified Shaun JONES as an individual involved in the robberies/burglaries. Additionally, detectives determined that JONES was listed as a suspect in past violent crime incidents, to include armed robbery, burglary, battery, distribution of narcotics, and was believed to have been involved in additional crimes within the Eastern District of California.

## Sacramento Police Report No. 21-295064 – 911 call about a shooting

8. On October 4, 2021, at approximately 5:07 a.m., the Sacramento Police Department received a call from Yukera Ellis advising that her boyfriend, Zachariais Hannahswheeler, had just been shot at his residence located at 1131 West El Camino Avenue in Sacramento. SPD Officers Williams #981 and Smalling #1041 arrived on scene and found Hannahswheeler at the front of the residence with two gunshot wounds, one gunshot wound was found to his chest

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

and another gunshot wound was found to his lower left leg that exited out of his buttocks.

9.  Officer Smalling #1041 spoke with Hannahswheeler who stated that he was sleeping in his bed and was woken up by an unknown subject physically assaulting him. Hannahswheeler stated that a second subject was at the foot of the bed. Hannahswheeler stated that while being beaten by the first suspect, he was shot. Hannahswheeler stated that the suspect then disengaged.  Hannahswheeler stated that the second subject that was standing at the foot of the bed asked the first subject "did you get him?" The first subject responded, "yes I got him." Hannahswheeler stated the second subject then stated, "well hit him again." Hannahswheeler stated he was then shot a second time by the first subject. Hannahswheeler stated he then leapt to his closet and grabbed a firearm. Hannahswheeler stated he then chased the suspects out of the side of the house and into his backyard and shot six rounds into the tree or air, not hitting any of the suspects.

10. At approximately 5:17 a.m., approximately 10 minutes after the initial call of Hannahswheeler being shot, a silver Infiniti sedan arrived at the Kaiser Permanente Sacramento Medical Center (commonly known as "Kaiser North") located at 2025 Morse Avenue in unincorporated Sacramento County and dropped off a male black subject who had been shot.  Sacramento County Sheriff's Office (SSO) Deputy Chilelli advised the Sacramento Police Department of this information.

11. SPD Detectives Masis and Monroe positively identified the subject who had been shot as LEJON MABON, a 34-year-old-male.  A records check on MABON showed that he was on active parole for robbery in violation of Penal Code § 212.5 from Contra Costa County and he had an outstanding 'parolee at large' warrant at the time of the shooting.  No other shootings were reported in the Sacramento area during the timeframe of this shooting.  SPD detectives conducted an investigation and developed probable cause to arrest MABON for the attempted murder of Hannahswheeler.  While investigating this shooting, SPD Detective Tatenko learned that MABON has been identified as a suspect in several marijuana related home invasion robberies that occurred in Oakland, California in late September and early October of 2021 (Oakland Police Department (OPD) Case Nos. 21-046879, 21-045553, 21-046897, 21-045995).  Per OPD Detective Cerecedes, additional suspects in those crimes have not been identified yet.

12. MABON's brother Tabari Mabon and sister Mariah Mabon later arrived at the hospital on October 14, 2021, and provided detectives with MABON's phone number of (510) 418-5383.  A records check via the Zetx records database showed that (510) 418-5383 was associated with MABON.  SPD Detective Monroe wrote a search warrant for phone number (510) 418-5383 and received a return from Verizon, which confirmed that MABON was in fact the account holder for (510) 418-5383.

13. SPD Detective Tatenko wrote a residential search warrant for shooting victim Hannahswheeler's residence at 1131 West El Camino Avenue.  Detectives searched the residence on October 14, 2021, pursuant to the search warrant.  While searching 1131 West El Camino Avenue, Detective Stambaugh observed a large quantity of processed marijuana inside Hannahswheeler's residence, including: 12 bags of processed marijuana buds weighing approximately 1 pound each, located in the entryway closet, 13 bags of processed marijuana buds weighing approximately 1 pound each, located in the first bedroom on left side of hallway, 15 plastic containers (116 quart containers) containing marijuana trimmings and a large garden trash bag also containing marijuana plant trimmings, located in the same bedroom, and one bag of processed marijuana buds weighing approximately 1 pound, located in lower kitchen cabinet.

14. In his statement to Detective Masis, victim Hannahswheeler stated that he did not know who shot him or why.  He stated that the marijuana plant trimmings were left over from a previous grow.  He stated that the 'fresh packs' of marijuana buds were dropped off by his buddy from Oregon 1 or 2 weeks prior to the shooting, and nobody knew about it.  Hannahswheeler stated that he and his buddy 'have a bunch of legal grows up there' (referring to Oregon).  Detective Stambaugh conducted a Law Enforcement Archival Reporting Network (LEARN) search of victim Hannahswheeler's white Ford truck with California plate 60090D3.  Detective Stambaugh observed that there was a license plate reader hit at the Rodeway Inn at 901 South Riverside Avenue, Medford, Oregon on October 2, 2021.  There were additional license plate reader hits in Medford, Oregon on May 4, 2021.

15. While Detective Stambaugh was assisting Detective Monroe with analyzing call detail records and historical location information for MABON's phone number (510) 418-5383 pursuant to a search warrant, Detective Stambaugh observed that MABON's phone was connected to cell towers in the area of several commercial marijuana cultivation and distribution facility burglaries that had occurred in Sacramento.  Detective Stambaugh also observed that MABON had frequent

ATTACHMENT C to Search Warrant    Prior SW---2:23-SW-0062-KJN

communication with phone number (279) 842-3442 during the timeframe of several of the burglaries.

16. A records check on (279) 842-3442 via the Sacramento County Known Persons File (KPF) showed that (279) 842-3442 was associated with SHAUN JONES. Phone number (279) 842-3442 had been associated with JONES as recently as June 3, 2021. Detective Stambaugh immediately recognized the name SHAUN JONES, since he was one of the suspects in a similar 2019 commercial marijuana burglary series that occurred in Sacramento County. Detective Stambaugh also knew that JONES was on pre-trial probation in Sacramento County related to the 2019 marijuana series.

17. On November 2, 2021, Detective Stambaugh spoke to JONES' pre-trial probation officer Timothy Murphy via phone. Murphy confirmed that JONES routinely used phone number (279) 842-3442 to check in with the Probation Department. Additionally, a records check in the LexisNexis Accurint database shows that (279) 842-3442 comes back as a Verizon phone associated with SHAUN D. JONES as of October of 2021. Murphy also confirmed that JONES was on ankle monitor Global Positioning System (GPS) supervision as part of his pre-trial probation conditions. Detective Stambaugh spoke to Officer Murphy again on November 18, 2021, and learned that the San Francisco Police Department (SFPD) was also investigating JONES related to a commercial marijuana burglary that occurred in San Francisco.

## San Francisco Police Department (SFPD) Report No. 21-0668080.

18. On November 18, 2021, Detective Stambaugh spoke to SFPD Sergeant Bradford via phone. Sergeant Bradford advised that JONES was suspected of committing a commercial burglary attempt at 1132 Quesada Avenue, San Francisco on October 13, 2021, at 0129 hours. The suspects had defeated 2 of the 3 steel doors to the business when they were interrupted by SFPD. During that incident, the suspects fled in a silver Lexus with California plate 5GEH487. The suspects led officers in a vehicle pursuit, crashed the vehicle and fled on foot. SFPD officers located JONES' wallet inside the abandoned vehicle, as well as his state-issued California identification card, a cell phone and a loaded firearm (Smith and Wesson .40 caliber, with an obliterated serial number). Sergeant Bradford advised that he had already spoken to the Rancho Cordova Police Department (RCPD) and learned that JONES' ankle monitor GPS showed that he was physically present at the scene of the San Francisco marijuana facility burglary. SFPD Sergeant Bradford

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

stated that an arrest warrant for JONES would be forthcoming for the San Francisco incident.

19. On November 18, 2021, Detective Stambaugh spoke to RCPD Deputy Gordon via phone. Detective Stambaugh learned that JONES' wife Haley Goodchild attempted to report their silver Lexus with California plate 5GEH487 stolen the morning after the San Francisco burglary, pursuit, and crash. Goodchild reported that the vehicle was stolen while parked in front of her and JONES' residence at 3710 Rockdale Drive, Rancho Cordova, California (RCPD Report No. 21-313768).

20. On December 8, 2021, Detective Stambaugh spoke to SFPD Sergeant Bradford again via phone. He advised that he had received National Integrated Ballistic Information Network (NIBIN) hits to the loaded gun that was left in JONES' vehicle during the San Francisco incident. Sergeant Bradford emailed a copy of the NIBIN report which indicated that the firearm had been linked to the following cases:

   a. OPD Report No. 21-032550 (Penal Code Section 246.3 – negligent discharge)
   b. OPD Report No. 21-019408 (Penal Code Section 246 – shooting at occupied dwelling)
   c. OPD Report No. 21-037680 (Penal Code Section 246.3 – negligent discharge)
   d. OPD Report No. 20-063299 (Penal Code Section 246.3 – negligent discharge)
   e. OPD Report No. 21-013853 (Penal Code Section 246.3 – negligent discharge)

**Medford Police Department (MPD) Report No. MP210019211 / APD Report No. AP210002482.**

21. On November 30, 2021, Detective Stambaugh called Sacramento County Deputy Probation Officer (DPO) Garrin Ingerson, after receiving a voice mail message from her. Ingerson stated that she had been looking at JONES' pre-trial probation GPS locations and located several instances of travel that she believed were suspicious, including a recent overnight trip to Medford Oregon, 3 trips to Jackson, Mississippi in the last 2 months and a 2-day trip to Michigan. DPO Ingerson stated that JONES mapped to 1516 Red Hawk Drive, Medford, Oregon at approximately 12 a.m. on November 29, 2021. Officer Ingerson also stated that JONES mapped to a marijuana dispensary at 481 Applegate Way, Ashland, Oregon at approximately 0300 hours on November 29, 2021. Officer Ingerson stated that JONES then returned to California. Reports for burglaries at both locations were filed with both the Medford, Oregon Police Department (MPD) and the Ashland Oregon Police Department (APD).

**MPD Report No. MP210019211**.

22. On November 28, 2021, at approximately 5:00 a.m., marijuana facility Cloud 9 Wellness at 1411 Hilton Road, Medford, Oregon was burglarized by suspects who heavily damaged the roll up door. The suspects stole an automated teller machine (ATM) containing $8,400 and $1,200 from multiple cash registers. Surveillance video showed three suspect vehicles arrive on scene and several suspects burglarized the business. The vehicles were described as a black sport utility vehicle (SUV), small black SUV (possibly a Ford Echo Sport), and a silver Audi A7.

**Ashland Police Department (APD) Report No. AP210002482.**

23. On November 29, 2021, at approximately 3:00 a.m., marijuana facility Madrone Cannabis Club at 485 Applegate Way, Ashland, Oregon was burglarized. The suspects took a large safe and unprocessed marijuana. Surveillance video showed suspect vehicles including a dark colored Kia Sorrento and a dark colored Nissan Pathfinder. Per DPO Ingerson, JONES' ankle monitor mapped at this location during the timeframe of the crime.

24. On the afternoon of November 29, 2021, MPD Detective Ford located the suspect vehicles from the Medford burglary at 1516 Red Hawk Drive in Medford, which was the location where JONES had been mapping at approximately midnight. After a SWAT call out, six suspects were arrested. During a warrant search of the residence (an Airbnb rental), detectives located cash, marijuana, and pry bars. Items located in the residence were found to have been taken in the Medford marijuana burglary, as well as the Ashland marijuana burglary. Detectives also located a stolen Glock 27 with an extended magazine inside the silver Audi A7.

25. Detective Ford learned that the Airbnb was rented on November 28, 2021 by Katina Goodson, with phone number (916) 882-1448. A records check on Katina Goodson showed that she was the subject of a residential search warrant related to a joint investigation into the Oak Park Bloods criminal street gang by the SPD Gang Investigation Unit, the California Department of Justice, and the California Highway Patrol. Goodson was contacted during warrant service at 3853 38th Avenue in Sacramento on November 10, 2021 (SPD Report No. 21-322707).

26. The following suspects were arrested in Medford, Oregon on November 29, 2021:
    a. David Climmons of Henderson, Nevada (note: Climmons' address per the Sacramento County Known Persons File (KPF) is 3853 38th Avenue,

Sacramento, which is where Airbnb renter Katina Goodson was contacted during search warrant service on November 10, 2021)

b. Vintreal Scott of Oakland

c. Leon Haynes of Sacramento

d. Amari Bailey Waters of Berkeley

e. Tiwain Norman of Sacramento

f. Isaiah Mitchell of Sacramento (note: Isaiah Mitchell was arrested as a co-defendant of JONES related to the 2019 marijuana series in SPD Report No. 19-287436).

**SPD Report No. 21-291012.**

27. On October 10, 2021, at approximately 4:29 a.m., Sapphire Gardens marijuana facility at 660 88th Street, Sacramento was burglarized. Suspects Antoine Malbrough and Cordis Clayton were arrested.

28. On November 30, 2021, Detective Stambaugh spoke to SPD Detective Elliott, who was investigating this case and had written a search warrant for suspect Antoine Malbrough's phone. Detective Elliott advised that Malbrough's call detail records showed that he called JONES at (279) 842-3442 on October 10, 2021. This was significant because there were a total of three commercial marijuana facility burglaries in Sacramento on October 10, 2021. In addition to the burglary at Sapphire Gardens, a commercial marijuana facility called Compassionate Resources, located at 1700 Kathleen Avenue in Sacramento was burglarized at 0353 hours (SPD Report No. 21-291001) and a commercial marijuana facility called Capitol Green, located at 8520 Morrison Creek Drive in Sacramento was burglarized at 0421 hours (SPD Report No. 21-291010).

**SPD Report No. 21-247442.**

29. On August 13, 2021, at 2:57 a.m., multiple suspects arrived at marijuana facility Horizon Nonprofit Collective at 1 Light Sky Court, Sacramento. Per Officer Hur's investigation and review of surveillance video, the suspects arrived in two white sedans and one black sedan. The suspect vehicles arrived in tandem, then left the area. The suspects returned to the business and attempted to burglarize it at 3:27 a.m. using a crowbar. One suspect was armed with a handgun, which he pointed at the door of the business while another suspect attempted to pry the door open. During the attempted burglary, the armed suspect pulled a second gun from his waistband and held one gun in each hand. The suspects appeared to get the door open, but then they ran off.

30. On August 12, 2021, at 11:05 p.m., MABON received a phone call from JONES at (279) 842-3442. At 11:54 p.m., MABON placed a call to JONES at (279) 842-3442 from phone number (510) 418-5383. The calls were placed hours before the burglary at Horizon Nonprofit Collective.

**SPD Report No. 21-231390.**

31. On August 15, 2021, at 4:27 a.m., marijuana facility South Sacramento Care Center at 114 Otto Circle was burglarized. SPD Officer Barrett initiated a vehicle pursuit on one of the suspect vehicles as it fled the scene. Sacramento County Sheriff's Office deputies took over the pursuit and eventually detained two passengers of the suspect vehicle: Derrick Kennedy and Marcus Williams, both from Oakland. The driver of the suspect vehicle fled on foot and was not apprehended. A search of the suspect vehicle yielded a fully-automatic Glock 45 handgun. The suspects discarded various items from the vehicle during the pursuit, including marijuana products. The suspect vehicle was a black 2007 Volvo with California license plate 8SLB892.

32. Per Officer Allison's investigation and review of surveillance video, multiple suspects arrived at the business and pried the door to gain entry. One suspect was armed with a Glock-style handgun. The suspects arrived in a dark sedan.

33. On August 15, 2021, at 3:55 a.m., MABON received an incoming call from JONES at (279) 842-3442. At 5:30 a.m., MABON called JONES. The calls were made with JONES both before and after this completed marijuana burglary. Additionally, historical location information showed that MABON's cellular phone connected to a cell tower in the area of 37th Avenue and Power Inn Road when he received the 3:55 a.m. call from JONES, which was approximately 4 miles from the scene of the burglary.

**SPD Report No. 21-253405**.

34. On September 5, 2021, at approximately 4:05 a.m., suspects attempted to burglarize Chalet Desserts at 2701 Land Avenue, Suite B, Sacramento. SPD Community Service Officer (CSO) Tarbet #8168 responded to the scene and observed that the business was a commercial bakery, with no affiliation to the marijuana industry.

35. CSO Tarbet reviewed surveillance video and observed that approximately 7 suspects worked together to pry the exterior door on the north side of the business with prying tools. Approximately seven suspects then entered the business. One suspect was seen looking into storage bins using his cell phone light before turning around and leaving. The suspects did not take any property from the business but caused $1,000 damage to the door. External surveillance video showed 4 vehicles traveling in tandem to the parking lot and occupants of the vehicles made entry into the business. The vehicles appeared to be a black hard top Jeep Wrangler, a white Toyota 4-Runner and 2 gray sedans. The license plates of the vehicles were not visible on video.

36. Detective Stambaugh spoke to business owner David Laukat via phone on September 28, 2021. Laukat advised that he has owned the business for 7 years and has absolutely no affiliation with the marijuana industry. Laukat believed that his business was mistaken for a marijuana facility due to the 8,000 pound carbon dioxide (CO2) tank in the parking lot, stating that carbon dioxide is commonly used during the extraction process for marijuana. Additionally, Laukat stated that the vacant building next door to his business was supposed to be a marijuana growing facility, but that never materialized. This burglary, while not a marijuana facility, was included in the series due to what appeared to be the same black Jeep Wrangler with hard top appearing at this burglary, as well as in the incidents documented above and in SPD Report Numbers 21-254087 and 21-253089. Additionally, the silver sedan and white SUV in SPD Report No. 21-253089 were consistent with the silver sedan and white Toyota 4-Runner in this burglary.

37. On September 5, 2021, at 3:57 a.m., MABON received a call from JONES at (279) 842-3442. This call was made less than 10 minutes before the burglary at Chalet Desserts. MABON's phone connected to a tower in the area of El Camino Avenue and Van Ness Avenue at the time of the 3:57 a.m. phone call, which was approximately 1 mile from Chalet Desserts.

38. Significantly, there were two additional marijuana facility burglaries on September 5, 2021: Geo Group at 197 Otto Circle was burglarized at 4:46 a.m. (SPD Report No. 21- 253118) and Inflor, LLC at 8521 Younger Creek Drive was burglarized at 05:05 a.m. (SPD Report No. 21-253089). On September 5, 2021, at 4:58 a.m., MABON made an outgoing call to JONES at (279) 842-3442. The timing of this additional call was minutes after the burglary at Geo Group and minutes before the burglary at Inflor, LLC. MABON's phone connected to a tower

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

in the area of Elder Creek Road and South Watt Avenue at the time of the 0458 call, which was approximately 1.6 miles from Inflor, Inc.

**SPD Report No. 21-254087.**

39. On September 6, 2021, at approximately 5:44 a.m., SPD received an alarm call at Delia's Chronic Reserve at 1728 Kathleen Avenue, Sacramento, which is a marijuana cultivation facility. SPD CSO Maldonado #8103 responded to the scene and observed surveillance video showing that the suspects had backed a black Jeep Wrangler with hard top into the roll up door of the business to gain entry at 4:42 a.m. Nine suspects then entered the business but left without taking anything. The suspects then returned to the business at 5:35 a.m. and began taking numerous marijuana plants from the business. Additional surveillance video showed three other suspect vehicles traveling in tandem with the black Jeep Wrangler: a light silver newer Audi sedan with covered license plates, a light silver sedan and a gray sedan. There were approximately seven suspects on foot making entry to the business, plus at least four others driving the four tandem suspect vehicles. The suspects appeared to all be males. They were all wearing hooded sweatshirts with hoods pulled up, face masks, gloves, pants and sneakers. On September 28, 2021, Detective Stambaugh spoke to owner Sam Forwood, who advised that the suspects had stolen 60 to 80 pounds of marijuana, with an estimated value of $210,000 to $240,000.

40. Detective Stambaugh compared the video from this incident to the video from SPD Report No. 21-253405 which occurred one night prior. The black Jeep Wrangler appeared to be the same vehicle in both incidents. Additionally, another marijuana facility at 8521 Younger Creek Drive was also burglarized on September 5, 2021, at 5:03 a.m. (SPD Report No. 21-253089). Surveillance video showed that the suspect vehicles were a black Jeep Wrangler, gray sedan, and white SUV. The black Jeep Wrangler was consistent with the black Jeep Wrangler in SPD Report No. 21-254087 and SPD Report No. 21-253405. The white SUV also appeared to be consistent with the white Toyota 4-Runner used in this incident.

41. This business was burglarized two additional times on October 9, 2021, and October 10, 2021, under similar circumstances.

42. On September 6, 2021, at 5:57 a.m., MABON made an outgoing call to JONES at (279) 842-3442. The call was placed moments after the burglary at Delia's Chronic Reserve.

**SPD Report No. 21-264957.**

43. On September 16, 2021, at 4:19 a.m., SPD received a panic alarm activation at Sacramento Confidential Delivery, a marijuana business located at 2081 Rene Avenue, Suite #B, Sacramento.  SPD CSO Irby #8107 responded to the scene and observed that the suspects entered the secure lot by cutting into the chain link fence.

44. Employee/witness Michael Mahler was on site at the time and he observed that approximately seven suspects cut through the gate and began prying the front doors.  Mahler hit the panic alarm and called 911 while the suspects were trying to break in by attempting to pry various doors.  The suspects then fled in three vehicles without entering the business.  Mahler stated that the suspects were wearing hoodies with the hoods up over their faces.  He stated that the suspects appeared to be male black adults age 22 to 29 years old.  Mahler did not observe anyone with a gun.

45. Detective Stambaugh reviewed the surveillance video related to this incident. Detective Stambaugh observed three suspect vehicles, including a black Hyundai Elantra with covered license plate, silver Nissan Sentra with no license plates, and silver Ford Focus with no license plates. The suspects were wearing dark hooded sweatshirts with hoods pulled up over their heads, pants, sneakers, face masks, and gloves.  Two suspects had pry bars and another had bolt cutters. Detective Stambaugh observed at least five suspects on foot, plus three drivers of each of the suspect vehicles. One suspect wearing a gray hooded sweatshirt and black pants was holding his cell phone up and appeared to be filming the other suspects as they tried to pry various doors at the business.

46. On September 16, 2021, at 2:26 a.m., MABON made an outgoing call to JONES at (279) 842-3442.  The call was placed approximately two hours before the burglary at Confidential Delivery.

**SPD Report No. 21-266183.**

47. On September 17, 2021, at 5:20 a.m., SPD received a 911 call from marijuana dispensary Alternative Medical Center, Inc. at 1220 Blumenfeld Drive, Sacramento.  SPD Officer Heredia #238 responded to the scene and observed that the front door of the business was being held open by a bar stool. Officer Heredia observed that there were pry marks on the front door and the door frame was damaged. Surveillance video showed that the suspects rummaged through the

business, then left without taking anything. Employee Hailee Alejos responded to the scene and advised that all of the marijuana product was located in safes behind doors and the marijuana product was undisturbed.

48. SPD Detective Monroe conducted follow up to this case, which included reviewing surveillance video of the suspect vehicles. The suspect vehicles were described as a gray Maserati, a silver Acura, and an older Lexus with two tone white and gray paint.

49. Detectives Monroe and Masis conducted license plate reader searches for possible matching vehicles along likely paths of travel between the two burglarized marijuana businesses and developed California license plate 7LGB532 for the Maserati, which came back registered to Robert Huff out of Oakland. The Maserati scanned on license plate readers on eastbound Interstate 80 near Hercules, California at 2:01 a.m., then scanned at westbound Folsom Boulevard at Notre Dame Drive in Sacramento at 4:34 a.m. At 4:41 a.m., the vehicle scanned going north on Howe Avenue at Hurley Way in Sacramento.

50. Detective Monroe developed California license plate 7DNZ299 for the two-tone Lexus. That plate came back to a 2014 Chevrolet registered in Oakland which confirmed that the Lexus was "cold plated" with a likely stolen plate. The two-toned Lexus with California plate 7DNZ299 scanned with the Maserati with California plate 7LGB532 at both the Folsom Boulevard at Notre Dame Drive police observation device (POD) and the Howe Avenue and Hurley Way POD. Detective Monroe also developed California plate 6RRR267, which came back to a gray Acura registered with a release of liability to Carmax. The gray Acura scanned on license plate readers at 4:41 a.m. going north on Howe Avenue at Hurley Way in Sacramento. The three vehicles developed by Detective Monroe appeared to match the surveillance video from this incident.

51. Detective Stambaugh reviewed the surveillance video for this incident and observed the three vehicles described above arriving to the business in tandem. The license plates appeared to have been removed or covered upon arrival to this business, which is consistent with other burglaries in this series. Detective Stambaugh observed at least six suspects attempting to gain entry to the business, plus the drivers of the three suspect vehicles. The suspects were wearing dark colored hooded sweatshirts with the hoods pulled up over their heads, pants, sneakers, masks, and gloves. Two suspects pried the front door of the business with a crowbar.

52. A similar burglary of a marijuana facility Oil and Flower located at 8380 Rovana Circle, Sacramento occurred at 4:24 a.m. on September 17, 2021 (SPD Report No. 21-266174).

53. On September 17, 2021, at 3:29 a.m., MABON made an outgoing call to JONES at (279) 842-3442. The call was placed approximately two hours before the burglary at Alternative Medical Center and one hour before the marijuana burglary at Oil and Flower.

**SPD Report No. 21-293918.**

54. On October 13, 2021, at 12:04 a.m., marijuana facility Ikank Farms at 5380 South Watt Avenue was burglarized, however there was no marijuana product inside as the business was still under construction. Surveillance video was not provided to law enforcement.

55. On October 13, 2021, at 12:16 a.m., MABON made an outgoing call to JONES at (279) 842-3442. The call was placed moments after the unsuccessful burglary at Ikanki Farms.

56. Regarding crimes against marijuana dispensaries, statistics from SPD show that from July 2021 to December 2021, there were seventy-eight burglaries and nine robberies of dispensaries overall within the department's jurisdiction. In 2022, the trend of dispensary robberies and burglaries has continued within the Sacramento region and has spread to the Bay Area region of California.

57. All of the Sacramento burglaries have included multiple male black suspects wearing hooded sweatshirts with hoods pulled up over their heads, face masks and gloves. Many of the surveillance videos have shown one or more armed suspects in each group. The suspects usually arrive in multiple vehicles traveling in tandem. Often, one or more of the vehicles split from the group and appear to conduct roving counter surveillance by driving up and down surrounding streets while other suspects make entry to the marijuana facilities using crowbars. The suspect vehicle license plates are almost always covered during the burglaries. In a few instances, suspect vehicles have been "cold plated" with plates belonging to other vehicles. Per surveillance video, some suspects appear to be communicating on their cell phones during the commission of the burglaries. Additionally, surveillance video shows that suspects often arrive at a business, check it out and leave, then return later in the night to make entry. Law Enforcement agencies have arrested several suspects and the investigation is ongoing. The majority of

the suspects have either resided in or had arrest history in Oakland, California. The majority of the suspects that have been arrested are convicted felons, many with documented gang affiliation.

58. JONES was in Sacramento County Main Jail custody from September 4, 2019, to April 6, 2021, related to the 2019 marijuana series.  The 2021 Sacramento marijuana series started on July 23, 2021, and has been ongoing.  Based on my training and experience, the training and experience of other experienced investigators with whom I have spoken, as well as the facts and circumstances of all of these offenses, I formed the opinion that JONES has been making preparations, forming a "crew" and planning marijuana burglaries since his release from jail on April 6, 2021.

59. On December 10, 2021, I served a State of California search warrant to Verizon Wireless for Global Positioning System (GPS) location data, the installation of a pen register/ trap and trace device, call detail records, and other account information related to telephone number (279) 842-3442.  On December 14, 2021, I was made aware via email from Verizon that telephone number (279) 842-3442 had been changed to telephone number (916) 618-3129 as of October 25, 2021.  I contacted Verizon by telephone and confirmed that (279) 842-3442 had been changed to (916) 618-3129 on the same Verizon account.  I also found that JONES' most recent listed telephone had an International Mobile Equipment Identifier (IMEI) of 353167663593861 per Verizon records as of October 25, 2021.

60. On December 14, 2021, SPD Detective Micah Kraintz sent me the following screenshots from a phone that had been seized from Oak Park Blood gang member ELIJAH FELIX:

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN



61. The address listed in the screenshot is the known address for SHAUN JONES, and the number listed in the contact information is (916) 618-3129 for "Lil Shaun."

62. On December 15, 2021, Detective Stambaugh obtained a search warrant for a pen register/trap and trace (PR/TT), GPS location and call detail records for telephone number (916) 618-3129.  The warrant was issued by Sacramento Superior Court Judge Sawtelle.  TFO Oliver served the warrant to Verizon.

63. On December 21, 2021, I began to review the call detail records that he had received from Verizon for (916) 618-3129.  I noted that JONES had ceased using telephone number (916) 618-3129 on December 14, 2021.  I had previously set up with Sacramento Deputy Probation Officer Ingerson to conduct a home visit of JONES at 3710 Rockdale Drive on December 14, 2021.  DPO Ingerson ceased providing me any information related to JONES' location and did not contact me on December 14, 2021, to confirm is JONES was at his residence.  JONES was monitored by the Sacramento County Probation Department on pre-trial release with a GPS ankle monitor.

ATTACHMENT C to Search Warrant    Prior SW---2:23-SW-0062-KJN

64. On January 11, 2022, law enforcement conducted surveillance of JONES.  The following is a summary of the surveillance of JONES and all times are approximate:

    a. 17:30 hours, Detective Davis observed JONES exit the residence at 3710 Rockdale Drive and enter as the driver and sole occupant of the Toyota Prius with California license plate 7PAM214.  JONES drove away from the residence and mobile surveillance units followed him to the parking lot of 2344 Watt Avenue.

    b. 18:10 hours, JONES exited the Toyota Prius and entered the interior area of the shopping complex.  Detective Sample covertly installed a GPS tracking device onto the Toyota Prius based upon JONES' searchable probation status.

    c. 18:30 hours, JONES returned to the Toyota Prius, entered the vehicle as the driver and sole occupant, and proceeded to drive away from the parking lot. Surveillance units followed JONES to an apartment complex located at 3644 Kings Way, Sacramento.

    d. 18:56 hours, JONES parked the Toyota Prius inside the apartment complex and entered the passenger side of a dark colored Jeep Cherokee bearing temporary Nevada paper plate NX-632-786.  Surveillance units followed the vehicle to the area of 4332 Calcutta Way, Sacramento.

    e. 19:15 hours, the Jeep Cherokee left the driveway of 4332 Calcutta Way and was followed by surveillance units.

    f. 19:23 hours, your affiant contacted SPD Detective Kelley Elliott.  Detective Elliott advised that the Jeep had been used in multiple burglaries in December 2021.  Detective Elliott requested an identification stop of the Jeep to attempt to identify the driver if possible.

    g. 20:00 hours, SPD Officers Nedeljkovic and Osmond conducted a traffic enforcement stop for a red-light violation on the Jeep.  The driver was identified as JAMES D. FRAZIER (further described as having a date of birth of xx/xx/1991) and the passenger was JONES.

65. On February 2, 2022, law enforcement conducted surveillance of Shaun JONES. The following is a summary of the surveillance of JONES and all times are approximate:

    a. 16:07 hours, TFO Tedford observed JONES exit the residence at 3710 Rockdale Drive and place multiple shoe boxes, a duffle bag and two clear Tupperware type containers into the Toyota.  TFO Tedford was able to

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

observe that Tupperware style containers contained a large amount of what TFO Tedford recognized to be processed marijuana buds.

b. 16:20 hours, JONES entered as the driver and sole occupant of the Toyota and began driving away from his residence.

c. 16:25 hours, JONES drove into a storage unit complex located at 3559 Sunrise Boulevard.  The complex was secured with a gate that JONES was able to open to enter the complex.

d. 16:37 hours, JONES exited the storage complex and drove southbound on Sunrise Boulevard.

e. 17:10 hours, JONES stopped at Parkway Cleaners, located at 5555 Sky Parkway #237, and entered with the large duffle bag.

f. 17:21 hours, JONES exited the cleaners carrying what appeared to be laundry and entered the Toyota.

g. 17:44 hours, JONES stopped in front of 5815 Elk Spring Way, Elk Grove, California, and met with an unknown female.  JONES then exited the vehicle and carried multiple shoe boxes into 5815 Elk Spring Way.

h. 17:46 hours, JONES exited 5815 Elk Spring Way, entered the Toyota and went mobile in the vehicle.

i. 18:10 hours, JONES entered Sunflorin Village Apartments located at 8550 Florin Road, Sacramento, California.  JONES backed into parking space number 255 in front of building 23.  JONES was observed meeting with another male black adult.

j. 18:30 hours, JONES went mobile away from Sunflorin Village Apartments.

k. 18:54 hours, JONES parked the Toyota on the street near 2235 Fair Oaks Boulevard, Sacramento, California.

l. 18:58 hours, JONES turned on the alarm for the Toyota and entered as passenger in a white Chevrolet Tahoe bearing California license plate 8UYZ715.  A registered owner check of the Chevrolet showed it to be registered to PV Holding as a rental vehicle.  The Chevrolet went mobile with JONES as the passenger.

m. 19:23 hours, the Chevrolet entered an apartment complex located at 7767 La Riviera Drive, Sacramento, California.  Detective Sergeant Maxwell observed the vehicle parked towards the center of the complex.

n. 19:30 hours, the vehicle exited the complex onto La Riviera Drive.

o. 19:40 hours, the Chevrolet parked in the driveway of 7300 Elder Creek Road.  The unknown driver of the vehicle exited the vehicle and entered the residence.  JONES remained in the vehicle.  GPS location data on JONES' cell phone (obtained pursuant to a search warrant) was consistent with the movements of the Chevrolet.

p. 19:53 hours, the driver of the Chevrolet exited the residence and appeared to lock both the front door and a security door.  The driver entered the Chevrolet, and the vehicle again went mobile.

66. Surveillance units continued to follow the Chevrolet to the area of Big Horn Boulevard and Brockenhurst Drive, but due to heavy countersurveillance techniques that the driver was utilizing, TFO Oliver made the decision to cease surveillance of the vehicle.

67. On February 3, 2022, Detective Gutierrez responded to the area of 7300 Elder Creek Road.  Detective Gutierrez observed the following vehicles parked in the driveway of the residence:

    a. A white Maserati with California license plate 8POP306

    b. A black Chevrolet SUV with California license plate 7NQJ375

    c. A white Chevrolet rental vehicle with California license plate 8UYZ715

68. On February 4, 2022, SPD Detective Elliott provided me with a screenshot from video that was taken during a marijuana business burglary on January 26, 2022, at 8521 Younger Creek Drive, Sacramento, California.  The Chevrolet Tahoe that was used in the burglary matched the Chevrolet Tahoe that JONES was the passenger in on February 2, 2022.  The vehicle's license plate was not visible during the video or the still shots that Detective Elliott provided me:



Sceenshot from video on January 26, 2022

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN



Picture of vehicle during mobile surveillance on February 3, 2022

**Shaun JONES sells narcotics and conspires to sell narcotics and firearms to Confidential Informants assisting law enforcement.**

69. On August 23, 2022, ATF Confidential Informants 27621, while acting in an undercover capacity, purchased one Glock Model 17, 9 mm, S/N BHCD060 from Shaun JONES and Kenyatta ALEXANDER for $1,300 in cash.  The controlled purchase occurred in the parking lot of McDonald's located at 5425 Fruitridge Road, Sacramento.

70. CI 27621 and JONES had previously discussed meeting in the area of Sacramento, California to conduct the firearms transaction.  CI 27621, communicated with JONES via social media apps and telephone.  JONES directed CI 27621 to meet in the area of Chevron located at Stockton Boulevard and Fruitridge Road.

71. CI 27621 was driving an undercover vehicle ("UCV") during the operation.  CI 27621 was outfitted with a recorded audio transmitter, which enabled investigators to overhear conversation.  CI 27621 was also outfitted with a covert video recorder.  CI 27621 was in possession of currency with which CI 27621 was to use to purchase the firearm from JONES.  Prior to leaving the staging location, SA Donn searched CI 27621 and the UCV for any contraband.  None was located.

72. The following was observed and/or heard via wire transmission by surveillance units during the controlled purchase, or upon reviewing video/audio recorded evidence (all times are approximate):

    a. 16:15 hours, CI 27621 arrived in the area of Stockton Boulevard and Fruitridge Road and contacted JONES.  JONES advised CI 27621 to meet at the McDonalds located next to the Chevron.

    b. 16:17 hours, CI 27621 parked on the east side of McDonalds and JONES exited the passenger side of a black Jeep with California license plate 8ZXZ644.  JONES then entered the front passenger area of the UCV.

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

JONES advised that the firearm was in a different car, and then JONES advised CI 27621 to come get into the other car so that JONES did not have to be, "doing all that."

c.   16:18 hours, CI 27621 exited the UCV and entered the rear passenger area of a white sedan while JONES entered the front passenger area.  Once inside the sedan, the driver (later identified as ALEXANDER) provided CI 27621 with the Glock firearm.  CI 27621 then provided ALEXANDER with $1,300 in cash.  CI 27621 advised that CI 27621 knew where to customize firearms.  ALEXANDER stated that he had recently had multiple firearms, but that he currently did not have any additional firearms.  ALEXANDER then told CI 27621 to take his telephone number, but CI 27621 asked JONES if that would be, "stepping on toes."  JONES stated, "No, you good brody, you straight."  ALEXANDER then provided CI 27621 with a telephone number of (916) 465-3928.  Jones then stated, "Everytime I bring a nigga into some busy, I'm bringing you into it so you can, you know."

d.   16:20 hours, ALEXANDER advised to just contact him because he usually has firearms.  ALEXANDER stated that it was not him dumping the Glock for $1,300, but that it was his cousin's and that he, ALEXANDER, usually sold firearms that were cheaper.  CI 27621 and JONES exited ALEXANDER'S vehicle.  CI 27621 returned to the UCV, and JONES returned to the front passenger of the Jeep.

e.   16:21 hours, CI 27621 then drove away from the location of the firearms transaction while surveillance units followed to a predetermined meeting location.

73. ALEXANDER was later charged with conspiracy to unlawfully deal firearms, unlawful dealing in firearms, and felon in possession of a firearm based, in part, on the above-described conduct.  *See* Superseding Indictment, 2:22-CR-00058-DAD; ECF 96.

74. On August 23, 2022, ATF Confidential Informant 27621 contacted Shaun JONES over Facetime to inquire if JONES could obtain counterfeit pharmaceutical pills that commonly contain Fentanyl.  The Facetime audio was recorded and preserved as evidence.  JONES stated that he would contact an individual that sold those type of pills.  Shortly after speaking to JONES, CI 27621 received a request on Instagram from the following account:



75. CI 27621 communicated with the individual via Instagram messaging.  CI 27621 provided TFO Oliver with a screenshot.  TFO Oliver was able to identify Marcus MILLER, DOB xx/xx/1989, Sacramento County XREF 3684957 as the individual pictured in the screenshot provided by CI 27621.

76. On September 2, 2022, ATF Confidential Informant 27621, while acting in an undercover capacity, purchased 110 grams of suspected Fentanyl pills from Marcus MILLER for $2,000 in cash.  The controlled purchase occurred in the parking lot located at 8241 Bruceville Road, Sacramento.

77. On September 11, 2022, CI 27621 initiated communications with JONES by sending text messages.  At approximately 4:54 p.m., CI 27621 asked if JONES had a firearm for sale. At approximately 4:55 p.m., JONES replied "Ima look around rn" meaning that JONES will see if he had a firearm that he can sell to CI 27621.

78. On September 23, 2022, JONES asked CI 27621 "U still need the strap?" meaning that JONES was asking if CI 27621 was still interested in purchasing a firearm. CI 27621 responded "was the ticket tho" meaning CI 27621 was inquiring how much JONES wanted for the firearm. JONES responded to CI27621 stating "G 42 around brand new" "850" meaning that he had a Glock 42 available for $850.00. CI 27621 responded "Bet shit ill throw a exta bill hold it for me i still gettin these blues off rn" meaning that the CI was agreeing to purchase the firearm from JONES. JONES then responded "I juss got word it's way in az lemme see what's closer" and "I mean he can send it I'm tryna put it together" meaning that the

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

firearm was in Arizona, however, JONES could arrange to have the firearm brought or shipped to California.

79. On September 28, 2022, JONES tells CI 27621 that he had a Glock 19 with a high-capacity magazine available to which CI 27621 responded "Newkie tho" and "Send a pic p" meaning that CI 27621 was interested in the firearm and that the CI would like a picture of the available firearm. JONES then sent the below picture to CI 27621 from the Target Phone:



80. On September 30, 2022, at approximately 1:38 p.m., JONES called CI 27621 in order to confirm that the firearm purchase would be completed that day. CI 27621 confirmed the meeting would take place that day.

81. On September 30, 2022, at approximately 2:48 p.m., JONES called CI 27621 to tell the CI that he had a 9mm Gen 5 Glock available for sale. Including a large capacity magazine, the firearm would cost $1,200.00. CI 27621 then told JONES to meet at the boxing gym located off of Broadway in Sacramento to complete the firearm transaction. At approximately 3:30 p.m., JONES sent the following picture from the Target Phone to CI 27621 to show him the firearm available for purchase:

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN



82. CI 27621 was driving an undercover vehicle (UCV) during the operation. CI 27621 was outfitted with a recorded audio transmitter, which enabled investigators to overhear conversation.  CI 27621 was also outfitted with a covert video recorder. CI 27621 was in possession of prerecorded U.S. currency with which CI 27621 was to use to purchase the firearm from JONES.  Prior to leaving the staging location, SA Donn searched CI 27621 and the UCV for any contraband.  None was located.

83. The following was observed and/or heard via wire transmission by surveillance units during the controlled purchase, or upon reviewing video/audio recorded evidence from (all times are approximate):

   a. 17:04 hours, CI 27621 arrived at Flawless Boxing and Fitness located at 600 Broadway, Sacramento, CA 95818 and parked the UCV in the parking lot.
   b. 17:38 hours, JONES entered the UCV.
   c. 17:40 hours, JONES begins to explain to CI 27621 the steps to open up a cannabis store in the Sacramento area.
   d. CI 27621 mentioned a cannabis store named "Lemonade" located at 1115 Fee Drive, Sacramento, CA 95815. JONES stated "we hit that" referring to a robbery that JONES participated in. JONES then stated that the store "didn't have no weed in it" and that "there were safes in there". JONES then stated, "you talking about Lemonade by Arden?" and "my other partner hit it before me then we went back and hit it and hit the building next to it" "breaking into that mother fucker" referring to multiple burglaries.
   e. 17:44 hours, JONES stated "theres hella Glocks around too right now" and that "I don't fuck with the ghosts" referring to privately made Glock style pistols. JONES stated that the privately made firearms are not as reliable as the commercially manufactured firearms. Jones then stated "I would

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

never get into a shoot out with one of them" again reffering to privately made pistols.

f.   17:45 hours, CI 27621 then brings up a recent shooting in the Sacramento area to which JONES responded that he had heard of the shooting and that it was related to another shooting that took place the same night. JONES then told CI 27621 that the victim of the shooting was one of the main distributers of narcotics in the Sacramento area. JONES stated that the victim sold "pounds of crystal methamphetamine and fentanyl in the Sacramento area.

g.   17:48 hours, JONES exited the UCV. JONES then returned to the UCV and removed a Glock pistol from his front waistband and sets the pistol on the center console of the UCV. CI 27621 picked up the pistol and performed a function check. CI 27621 provided JONES with $1,200.00 in cash.

h.   17:49 hours Jones and the CI discussed the street prices for Glock pistols.

i.   17:58 hours CI 27621 then drove away from the location of the firearms transaction while SA Lynch and SA Donn followed to a predetermined meeting location.

84. On November 14, 2022, at approximately 4:44 p.m., CI 27621 texted the following to JONES "Bruh said he grabb like 150 to 200 of em" meaning that the CI would like to buy pills from JONES. CI 27261 then stated that the deal would have to occur on the following day because the CI stated that he/she was out of town. At approximately 4:54 p.m., JONES texted CI 27621 stating "They might be gon but then" meaning that JONES may have sold the pills by then.

85. On November 15, 2022, at approximately 11:05 a.m., CI 27621 texted JONES "Aye bro just hit and asked if those still gud" meaning that CI 27621 was asking JONES if the pills were still available for purchase. At approximately 7:10 p.m., Jones texted CI27621 saying "Still got pulls fa sale top" meaning that JONES still had pills he was willing to sell.  At approximately 8:39 p.m., CI 27621 replied to JONES via text message stating "Bet bet shit ill pull up tmmrw wit my bitch rn eatin how msny".  JONES replied "Norco 5's 7.5's an perc 5's an 7.5s" and meaning that he has Norco and Percocet pills available for sale in various strengths.

86. The following day the CI conducted a controlled purchase from JONES.  CI 27621 was driving an undercover vehicle (UCV) during the operation, CI 31193 was a passenger in the UCV in order to deter a possibility of a robbery. CI 27621 was outfitted with a recorded audio transmitter, which enabled investigators to overhear conversation.  CI 27621 was also outfitted with a covert video recorder. CI 27621 was in possession of prerecorded U.S. currency with which CI 27621 was

to use to purchase the suspected pharmaceutical pills from JONES.  Prior to leaving the staging location, SA Lynch and SA Wood searched CI 27621, CI 31193 and the UCV for any contraband.  None was located.

87. The following was observed and/or heard via wire transmission by surveillance units during the controlled purchase, or upon SA Lynch's review of the video/audio recorded evidence (all times are approximate):

    a. 18:31 hours, CI 27621 and CI 31193 arrived at the parking lot next to a Starbucks coffee shop located at 4241 Elverta Rd, Antelope, CA 95843 and parked the UCV.

    b. 18:39 hours, A marked police vehicle unrelated to this investigation arrived at the meet location and parked in close proximity to the UCV.  CI 27621 and JONES agreed to move to a different part of the parking lot closer to Petco located at 4207 Elverta Rd #101, Antelope, CA 95843.

    c. 18:40 hours, JONES entered the UCV carrying a plastic bag.

    d. 18:41 hours, JONES began removing bottles containing suspected pharmaceutical pills from the plastic bag and asked the CIs if they had a piece of paper that the pills can be placed on for counting.

    e. 18:42 hours, JONES and the two CIs began inspecting and counting the pills.

    f. 18:47 hours It is not clear if JONES dials a number on his phone or received a phone call, however, JONES was on the phone and stated "I want that track tomorrow" meaning that he wanted to pick up a Jeep Trackhawk vehicle. JONES then stated "My nigga finna get them two, that scat and that cat" referring to an associate of JONES buying a Dodge vehicle with a Scat performance package and a Dodge vehicle with a Hellcat performance package. JONES then stated, "make sure he got that, see what I gotta do bruh".

    g. 18:52 hours, CI 27621 and JONES discussed which pills CI 27621 would buy and began negotiating prices for the pills.

    h. 19:01 hours, CI 27621 and JONES agreed on $3,100.00 for 235 grams of suspected pharmaceutical pills.  The CI 27261 counted $3,100.00 of pre-recorded currency and exchanged it for the 235 grams of suspected pharmaceutical pills.

    i. 19:07 hours, Jones exits the UCV. JONES then tells the CIs that he is trying to purchase a 2019 Jeep Trackhawk, blue in color and is negotiating the price for it. JONES then returned to his vehicle.

j.  CI 27621 and CI 31193 then drove away from the location of the suspected pharmaceutical pill transaction while SA Lynch, SA Wood and SA Donn followed to a predetermined meeting location.

## AUTHORIZATION REQUEST

88. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

89. I further request that the Court direct BI Incorporated to disclose to the government any information described in Attachment B that is within the possession, custody, or control of BI Incorporated.  I also request that the Court direct BI Incorporated to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with BI Incorporated's services, including by establishing access to BI Incorporated's BI TotalAccess GPS monitoring and mapping system for the government.  The government shall reasonably compensate BI Incorporated for reasonable expenses incurred in furnishing such facilities or assistance.

90. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate Target Device outside of daytime hours.

## REQUEST TO SEAL

91. This Affidavit contains information regarding an ongoing criminal investigation, which if unsealed may jeopardize the very information sought to be gained by this search warrant. In light of the on-going nature of the investigation and the likelihood that notice to Jones would likely cause him to flee from prosecution and destroy Target Device, your Affiant requests that this Affidavit and the resulting Search Warrant be sealed on the Court's docketing system, with the exception of copies utilized by law enforcement officers participating in the investigation and a copy of the Search Warrant and an inventory of any items seized that will be left at the location of the execution of the Search Warrant.

///

///

///

## **CONCLUSION**

92. Based on the foregoing facts, I hereby request that a search warrant be issued for Target Device, as identified in Attachment A, for the items set forth in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

/s/
_____
RYAN OLIVER
ATF Task Force Officer

Sworn and Subscribed to me telephonically
on January ___24___, 2023,

_____
Hon. KENDALL J. NEWMAN
United States Magistrate Judge

Approved as to form:

_____
Justin L. Lee
Assistant United States Attorney

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

## ATTACHMENT A

### *Location to be Searched*

**All records and information within the custody and control of B.I. Incorporated associated with any of the following:**

    a. **Client name of Shaun Jones with a monitoring agency of "Sacramento CO Pre-Trial".**

    b. **Case ID listed as 4384985**

    c. **Client Equipment BI LOC XT:1707221 (E)**

## ATTACHMENT B

### *Items to be Seized*

1.  All information about the location of Target Device described in Attachment A for a period of thirty days, during all times of day and night.  "Information about the location of Target Device" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

    a.  To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of BI Incorporated, BI Incorporated is required to disclose the Location Information to the government.  In addition, BI Incorporated must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with BI Incorporated's services, including by establishing access to BI Incorporated's BI TotalAccess GPS monitoring and mapping system for the government.  The government shall compensate BI Incorporated for reasonable expenses incurred in furnishing such facilities or assistance.

2.  All historical information about the location of Target Device described in Attachment A for the period August 1, 2021, through January 23, 2023.

# UNITED STATES DISTRICT COURT

for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>GPS DATA HELD BY B.I. INCORPORATED | )<br>)<br>)<br>)<br>)<br>) |

Case No.   2:23-sw-0062 KJN

~~SEALED~~

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____EASTERN_____ District of _____CALIFORNIA_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____February 6, 2023_____
                                                                                                 *(not to exceed 14 days)*

❑ in the daytime  6:00 a.m. to 10 p.m.      ☑ at any time in the day or night as I find reasonable cause has been
established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
__any duty magistrate judge__ .
                    *(name)*

❑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ❑ for _____ days *(not to exceed 30)*.
                                                                 ❑ until, the facts justifying, the later specific date of _____ .

Date and time issued:   __01/24/23 at 9:50 a.m.__                    _Kendall J. Newman_
                                                                                              *Judge's signature*

City and state:      __Sacramento, California__              Hon. Kendall J. Newman, U.S. Magistrate Judge
                                                                                      *Printed name and title*

ATTACHMENT C to Search Warrant   Prior SW---2:23-SW-0062-KJN

AO 93  (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>GPS DATA HELD BY B.I. INCORPORATED | )<br>)<br>)    Case No.    **2:23-sw-0359 CKD**<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____EASTERN_____ District of _____CALIFORNIA_____
*(identify the person or describe the property to be searched and give its location)*:

 See Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

 See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____April 20, 2023_____
                                                                                                    *(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.       ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_any duty magistrate judge_____ .
                              *(name)*

☐  I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for _____ days *(not to exceed 30)*.
                                                                        ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  _April 6, 2023 at 1:16 pm_                    _Carolyn K. Delaney_
                                                                                            *Judge's signature*

City and state:      _Sacramento, CA_                            Hon. Carolyn K. Delaney, U.S. Magistrate Judge
                                                                                    *Printed name and title*

AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

---

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date.

_____  _____
*Signature of Judge*                                          *Date*